IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                           No. CR 20-1284 KG

JACOB EARL STEWART,

      Defendant.

ORDER DENYING DEFENDANT'S OPPOSED
MOTION TO CONTINUE JURY TRIAL

This matter is before the Court on Defendant Jacob Earl Stewart's Opposed Motion to Continue Jury Trial (Motion) (Doc. 64), filed February 24, 2021. The Court heard argument from counsel on the Motion on February 24, 2021, at the pretrial conference. (Doc. 65). After review of the Motion, the parties' arguments, and the procedural history of this case, the Court denied the Motion. This written Order detailing the Court's decision follows. The jury trial will commence on March 1, 2021, at 9:00 a.m., as previously scheduled. *See* (Doc. 50).

On January 13, 2021, this Court held a status conference to discuss the parties' readiness to proceed to trial. (Doc. 47). At the conference, the Court inquired with the United States and defense counsel on the "testing and quarantining of [out-of-state] witnesses." *Id.* at 3. The United States explained that witnesses would be travelling from Florida and California, and it would need two-weeks' notice to appropriately comply with State health directives for quarantine. *Id.* After hearing from counsel on the arrangements necessary to safely conduct a jury trial, the Court scheduled the jury trial to commence on March 1, 2021. (Docs. 47, 50).

On January 27, 2021, the Court held a second status conference to inquire with the parties on their readiness for trial.  (Doc. 56).  At the conference, the Court inquired with counsel "if [the] case should be continued or moved."  *Id.* at 2.  The parties confirmed their readiness to proceed on March 1, 2021, and the Court advised counsel to "plan accordingly and note quarantine requirements by the State."  *Id.*  The parties confirmed their ability to comply with the Court's instructions.  *Id.*

On February 24, 2021, on the date previously set for the parties' pretrial conference, defense counsel filed the subject Motion requesting a continuance of trial.  (Doc. 64).  In his Motion, counsel explained that his wife, after suffering a heart attack in late-2018, was at "high risk for severe illness from COVID-19."  *Id.* at 1.  In addition, counsel detailed that his wife's sister, and last remaining relative, died suddenly on December 18, 2020.  *Id.*  Counsel explained that because of his wife's understandable grief, and the hardship this loss caused on the family, his family-firm took "a drastic reduction in [] caseload."  *Id.* at 2.

Counsel also explained that, because of the COVID-19 pandemic, his law firm was currently downsizing to a smaller office.  *Id.*  In addition, counsel explained that Mr. Stewart also wished to continue the trial, "due to COVID-related travel concerns."  *Id.*  Defense counsel explained that Mr. Stewart currently resides in South Dakota, "where COVID cases remain dangerously high."  *Id.*  On Sunday night, in anticipation of the Monday-morning trial, Mr. Stewart is expected to drive from South Dakota to New Mexico.  Transcript of Feb. 24, 2021, Pretrial Conference at 70.[1]

---

1. The Court's citation to the conference transcript refers to the court reporter's original unedited version.  Any final transcript may contain slightly different page numbers.

At the pretrial conference, the Court asked defense counsel if he wished to add any further argument in support of his Motion. *Id.* at 62. Counsel added that both he and his client were "not comfortable doing this trial." *Id.* at 63. Counsel explained that he was "mentally" "not in the head space that [he] need[s] to be" in to proceed, he is "living day-to-day," and is "overwhelmed right now." *Id.* at 63, 71. In response to the Court's questioning on why these concerns were not raised earlier, counsel further detailed his hardship with the death of his two cats, rearranging the operations of his office, and moving his sister-in-law's house. *Id.* at 71-72. Counsel explained, "I didn't ask for this [earlier] because I didn't think about it." *Id.* at 72.

In response, the United States noted that it has "many witnesses from all around the country," scheduled to arrive on February 25, 2021. *Id.* at 66. The United States also explained that one witness was currently housed in federal custody in California and "the [M]arshals have already started the chain to get her down here." *Id.* at 69. The United States explained the hardship and economic costs it already endured, including the purchase of airline tickets, ordering COVID-19 tests, and arranging for witnesses to appear in advance of the March 1, 2021, trial. *Id.*

The United States further explained that "time is of the essence" because Mr. Stewart's co-Defendant "agreed to cooperate and testify against Mr. Stewart … but that won't last forever." *Id.* at 68. The longer the trial is delayed, the United States explained, "it may not be worth anything to [the co-Defendant] and he may not even want to testify at that point." *Id.* at 69. The Court noted that Mr. Stewart's co-Defendant has, at present, a guideline sentencing range of 21-27 months. *Id.* at 73. The United States explained that with his cooperation in this case, a 5k1 reduction would "theoretically get [the co-Defendant] out of custody." *Id.* at 74. The United States further explained that a second witness, also currently housed in federal custody,

has "already been sentenced" and is seeking to testify for a Rule 35 reduction.  *Id.*  Counsel for

the United States explained, "I'm [] concerned about her having to [do] more time in the

penitentiary when she could [] be testifying in this case and possibly get out."  *Id.* at 75.

The Court noted that it "is not insensitive to any of [the] real-life difficulties" that defense

counsel expressed and understands "completely the concerns relating to COVID."  *Id.* at 71.

Given these difficulties, the Court advised defense counsel that he could have "co-counsel

appointed, somebody who can work alongside [him] on short notice."  *Id.* at 76.  The Court

noted the "one and potentially two cooperating witnesses who are in custody," including Mr.

Stewart's co-Defendant who has now been incarcerated for 185 days.  *Id.*  As a result, "in the

interest of justice to both parties, [] weighing all the factors under the Speedy Trial Act," and

"not seeing enough reasons at this stage to continue the trial," the Court denied the Motion to

continue.  *Id.* at 76-77.

In support of this conclusion, the Court notes defense counsel's assurances that he "will

be ready" and "will do an effective job" at trial.  *Id.* at 63.  Counsel further assured the Court that

he will "be here and [] do the best [he] can," including "whatever the Court decides."  *Id.* at 63,

71.  The Court also confirmed with Mr. Stewart that he is satisfied, to date, with counsel's advice

and representation.  *Id.* at 75.

Later in the conference, the Court reviewed the extensive COVID-19 protocols in place

to assure the safety of counsel, Mr. Stewart, the jurors, and court personnel.  *Id.* at 95.  These

measures include plexiglass barriers, the Court's mask or face-shield mandate, the physical

separation of the jurors, installation of air purifiers, and live-streaming of the trial to prevent the

public's entry into the courthouse.  *See id.*  With these measures in place, and after hearing from

defense counsel and the United States, the Court is satisfied that Mr. Stewart can proceed with a

safe, fair, and speedy trial.  As a result, the jury trial shall commence, as previously scheduled,

on March 1, 2021.

        IT IS SO ORDERED.

                                      UNITED STATES DISTRICT JUDGE